| | |
|---|---|
| STATE OF MAINE<br>Androscoggin, ss. | SUPERIOR COURT (Auburn)<br>CIVIL CLERK<br>DOCKET NO. CV-2017- 59 |

DENNIS BOUYEA,  
of Lewiston, County of Androscoggin,  
State of Maine,  
      Plaintiff  

MAY 12 '17 PM 2:15  
ANDRO SUPERIOR COURT

v.    COMPLAINT

METZ CULINARY MANAGEMENT, INC.,  
a duly organized national corporation  
with a place of business in Lewiston,  
County of Androscoggin, State of Maine,  
      Defendant  

Plaintiff, through his attorneys, states his complaint:

## COUNT I
### Age Discrimination

1. Plaintiff Dennis Bouyea is a resident of Lewiston, Androscoggin County, Maine.

2. Upon information and belief, Defendant is a corporation based in Dallas, Pennsylvania, and authorized to conduct business in Maine. Defendant conducts business at the St. Mary's Health System campus in Lewiston, Androscoggin County, Maine, where it provides food services.

3. Upon information and belief, Defendant employs approximately 4,000 individuals throughout the United States.

4. On or about January 20, 2013, Defendant hired Plaintiff as general manager of the St. Mary's account when it acquired the business that formerly managed the account. Plaintiff held this management position from on or about April 1, 1987, to on or about June 23, 2015, when Defendant terminated his employment.

5. Defendant was Plaintiff's employer within the meaning of the Maine Human Rights Act and the Age Discrimination in Employment Act at the time of the employment actions described herein.

6. At the time of his termination, Plaintiff was 57 years old.

7. At the time of Plaintiff's termination, Defendant informed Plaintiff it was removing him from his position because he did not meet financial expectations and because a Department of Health and Human Services unannounced inspection revealed code violations. These reasons are merely a pretext. The St. Mary's account's financial circumstances were improving at the time of the termination, and the code violations were minor. Similarly situated employees with real and actual health and cleanliness violations under its supervision were not similarly treated.

8. Defendant terminated Plaintiff's employment because of his age, in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4551 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

9. Directly after terminating Plaintiff, Defendant hired a younger man to replace him.

10. During this time period, Defendant created a hostile work environment for other older employees resulting in their resignations.

11. Defendant's conduct was willful, malicious, oppressive, and done with reckless indifference to Plaintiff's rights under the Maine Human Rights Act.

12. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. § 4622(1)(A).

13. Plaintiff has suffered financial and human losses as a result of Defendant's actions and is entitled to damages and a trial by jury pursuant to 5 M.R.S.A. § 4613(2)(B)(8)(e) and (g) and 29 U.S.C. § 626(c).

WHEREFORE, Plaintiff seeks such damages as will make him whole, including compensatory and punitive damages, back pay and front pay, with interest, costs, and reasonable attorney's fees, as provided by law.

May 9, 2017

Charles E. Gilbert, III, Esq. (Bar No. 395)

Tracy Collins, Esq. (Bar No. 4835)

GILBERT & GREIF, P.A.
82 Columbia St.
P.O. Box 2339
Bangor, ME 04402-2339
(207) 947-2223
Attorneys for Plaintiff